IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY K. BOLLING,

        Petitioner,   :   Case No. 3:13-cv-116

- vs -   District Judge Walter Herbert Rice
   Magistrate Judge Michael R. Merz

DONALD MORGAN, Warden,

               :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action on a Petition for Writ of Habeas Corpus. Bolling, represented by counsel, pleads the following Grounds for Relief:

> **Ground One:** Due Process violation speedy sentencing.
>
> **Supporting facts:** Under Ohio law a judgment of conviction must state how the conviction was made; jury, judge. Failure to do so constitutes a void sentence. This was the situation for eight years. The Petitioner filed his motion when the Ohio Supreme Court announced this requirement in 2008.
>
> **Ground Two:** Sixth Amendment violation speedy sentencing.
>
> **Supporting Facts:** Under Ohio law a judgment of conviction must state how the conviction was made; jury, judge. Failure to do so constitutes a void sentence. This was the situation for eight years. The Petitioner filed his motion when the Ohio Supreme Court announced this requirement in 2008.

(Petition, Doc. No. 1, PageID 6-8.)

After service of the Petition and within the time allowed for answer, Respondent filed a Motion to Dismiss the Petition as time-barred (Doc. No. 5). That Motion was served

1

electronically on Petitioner's counsel on May 31, 2013.  As a result of the manner of service, Petitioner's memorandum contra was due to be filed not later than June 24, 2013, but no such memorandum has been filed.

The Magistrate Judge finds the time analysis proffered by Respondent is correct. 28 U.S.C. § 2244 provides a one-year statute of limitations which runs from the date a conviction becomes final on direct appeal.  Bolling's conviction became final on direct appeal on October 11, 2006, when the United States Supreme Court denied his petition for writ of certiorari.  The statute ran for eighteen days until it was tolled by Bolling's timely appeal of the trial court's denial of his motion for new trial and remained tolled until the Ohio Supreme Court dismissed his appeal April 12, 2008.  The statute expired on March 24, 2009.  The Petition in this case was not filed until April 17, 2013.

It is therefore respectfully recommended that the Petition be dismissed with prejudice as time-barred under 28 U.S.C. § 2244.

July 2, 2013.

                                                s/ *Michael R. Merz*
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).