# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ANTHONY K. BOLLING,

                Petitioner,          :     Case No. 3:13-cv-116

    - vs -                            District Judge Walter Herbert Rice
                                           Magistrate Judge Michael R. Merz

DONALD MORGAN, Warden,

                               :

                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 6). Judge Rice has recommitted the case for reconsideration in light of the Objections (Doc. No. 8).

Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge concluded that it did "not plainly appear from the face of the Petition" that Bolling was not entitled to relief and ordered the Warden to file an answer (Doc. No. 2). The Warden then moved to dismiss the case as barred by the one-year statute of limitations in 28 U.S.C. § 2244 (Doc. No. 5). Petitioner, although represented by counsel, never responded to that Motion. The Magistrate Judge therefore analyzed the limitations issue without any input from Petitioner's counsel and determined that the case was time-barred (Report, Doc. No. 6).

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the Report, the Magistrate Judge concluded that Bolling's conviction became final on direct appeal on October 11, 2006, when the United States Supreme Court denied his petition for writ of certiorari (Report, Doc. No. 6, PageID 577).  The statute then ran for eighteen days until tolled by Bolling's properly filed appeal of the trial court's denial of his motion for new trial and remained tolled until the Ohio Supreme Court denied relief on April 12, 2008.  The statute then had 347 days left to run and therefore expired on March 24, 2009. *Id.* The Petition herein was not filed until April 17, 2013, more than four years later, and was therefore deemed time-barred. *Id.*

Bolling offers a competing analysis.  He says his state court motions were based on *State v. Baker*, 119 Ohio St. 3d 163 (2008), and *United States v. Ray*, 578 F.3d 184 (2nd Cir. 2009)(Objections, Doc. No. 7, PageID 580).  Furthermore, he did not learn of these two cases

2

"until he was ordered back for re-sentencing on November 16, 2010 and discovered the Trial Court's error." *Id.* Therefore, Petitioner claims, the one-year statute did not run until a year after he learned of these cases, to wit, on November 16, 2011. *Id.* Furthermore, he says, his time was tolled by operation of § 2244(d)(2) because he filed an application for post-conviction relief on January 31, 2011, which the state courts decided on the merits. It is for the States, says Petitioner's counsel, to set time limits on state post-conviction relief. For the federal government to attempt to do so would violate "the Ninth Amendment, the Tenth Amendment, the due process clause of the Fourteenth Amendment and principles of federalism." (Objections, Doc. No. 7, PageID 581.)

Petitioner's counsel offered absolutely no citations to the state court record which the Warden had filed (Doc. No. 4).[1] The Magistrate Judge accordingly ordered Petitioner to amend his Objections and make citations to the record for the following factual claims made in the Objections:

> 1. The date on which the record shows Petitioner became aware of *State v. Baker*, 119 Ohio St. 3d 197 (2008);
>
> 2. The date on which the record shows Petitioner became aware of *United States v. Ray*, 578 F.3d 184 (2nd Cir. 2009);
>
> 3. Any record reference which shows that Petitioner "was ordered back for resentencing on November 16, 2010" or on any other date; and
>
> 4. Any record reference which shows that Petitioner filed a timely petition for postconviction relief on January 31, 2011.

(Order, Doc. No. 9, PageID 584-585.) Disdaining to comply with the Court's Order as written, Petitioner's counsel instead filed a one-sentence "Response to Order to Amend" with the following attached documents:

---

[1] The Warden's counsel has also not been very helpful: the state court record was filed without any index.

1.     Opinion of the Second District Court of Appeals in *State v. Bolling,* Case No. 24571 (Dec. 16, 2011), PageID 614-618;

2.     Decision and Entry of Judge Dennis Langer, *State v. Bolling,* Case No. 2003-CR-73 (March 29, 2011), PageID 619-620;

3.     Supplement to Motion to Dismiss, filed by present counsel on behalf of Mr. Bolling in Case No. 2003-CR-73 (March 14, 2011), PageID 621-623;

4.     Motion to Dismiss for Speedy Trial Violation, Speedy Sentencing Violation and Lack of Final Appealable Order, filed *pro se* by Mr. Bolling in Case No. 2003-CR-73 (January 31, 2011), with attached copies of the November 13, 2003, Termination Entry in that case, a copy of a decision in *United States v. Galan*, 2007 WL 656682 (E.D. Pa. Feb. 27, 2007), and a January 11, 2011, Affidavit of Mr. Bolling's indigence.  PageID 624-637.

Petitioner's counsel offered no excuse for failing to make this argument about why the Petition was timely within the time allowed for opposing the Motion to Dismiss.  Counsel also offers no citations of authority for his Ninth, Tenth, Fourteenth, and federalism arguments. Nevertheless, Judge Rice recommitted the case for consideration of the merits of the Objections, rather than an evaluation of counsel's advocacy.

The Objections are without merit, for reasons patent in the state court documents attached to Petitioner's Response.  The relevant chronology is as follows:

> **November 13, 2003**  Bolling is convicted of four counts of forcible rape of a person under thirteen and sentenced to life imprisonment.  The Termination Entry (PageID 631-32) does not reflect that Bolling was convicted by a jury.  *State v. Bolling, supra*, ¶ 4.  The court of appeals affirmed without any question raised as to whether the Termination Entry was a final appealable order.  *State v. Bolling,* 2005 Ohio 2509, 2005 Ohio App. LEXIS 2402 (2nd Dist. May 20, 2005).  The Ohio Supreme Court accepted jurisdiction but later dismissed it as improvidently allowed.  109 Ohio St. 3d 313 (2006).

4

**October 11, 2006**      Bolling's conviction becomes final on direct appeal when the United States Supreme Court denies his petition for writ of certiorari. *Bolling v. Ohio*, 549 U.S. 852 (2006). One year statute of limitations begins to run.

**October 29, 2006**      Statute tolled by Bolling's appeal of the denial of his motion for new trial in the Common Pleas Court.

**April 12, 2008**      Ohio Supreme Court dismisses Bolling's appeal from the denial of new trial. Statute begins to run again and expires 347 days later on March 24, 2009.

**January 31, 2011**      Bolling files his Motion to Dismiss for Speedy Trial Violation in the Common Pleas Court (PageID 624 et seq.)

**December 16, 2011**   The Second District Court of Appeals affirms Judge Langer's denial of Bolling's Motion to Dismiss for Speedy Trial Violation. *State v. Bolling,* 2011 Ohio 6487, 2011 Ohio App. LEXIS 5354 (2nd Dist. Dec. 16, 2011).

**April 18, 2012**      The Ohio Supreme Court declines to review this decision on April 18, 2012. *State v. Bolling,* 131 Ohio St. 3d, 1511 (2012).

**April 17, 2013**      Bolling, represented by counsel, files his Petition in this Court (Doc. No. 1).

( I don't know that the above needs to be single spaced but I would indent to set it off as it is a timeline and easier to read if it doesn't just blend in to the rest of the document.)

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is to be tolled during the time that a properly filed state collateral attack on the judgment is pending. Petitioner's "federalism" point seems to be that this Court must respect the state courts' determination of whether a collateral attack has been properly filed, and the Magistrate Judge agrees. In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

[A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form

5

> of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8. The Ohio courts obviously treated Bolling's Motion to Dismiss as properly filed: they dealt with it on the merits and did not deny it on some procedural basis. In *Wall v. Kholi*, 562 U.S. ___, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011), the Supreme Court unanimously held that collateral review means judicial review of a sentence in a proceeding that is not part of direct review. The Motion to Dismiss qualifies under *Wall*. Therefore, if the Motion to Dismiss had been filed before the statute of limitations ran, it would have tolled the statute. However, the Motion to Dismiss was not filed until January 31, 2011, twenty-three months after the statute of limitations had expired on March 24, 2009. A tolling statute does not re-start the statute of limitations.

If the Ohio courts had accepted Bolling's argument that his Termination Entry was void and had remanded the case for resentencing or even for the entry of a corrected judgment, then the federal statute of limitations would have begun to run again whenever direct review of that sentence was final. *Burton v. Stewart*, 549 U.S. 147 (2007); *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012). But that is not what happened. Instead, the Court of Appeals held the November, 2003, Termination Entry was valid under Ohio R. Crim. P. 32 on the basis of the Ohio Supreme Court's decision in *State v. Lester*, 130 Ohio St. 3d 303 (2011), overruling *State v. Baker*, 119 Ohio St. 3d 197 (2008), on which Bolling relied in his Motion to Dismiss. *State v. Bolling*, 2011 Ohio 6487, ¶¶ 11-14, 2011 Ohio App. LEXIS 5354 Of course the question of whether a state criminal judgment satisfies the procedural requirements of the state rules of criminal procedure is entirely and completely a state law question, one on which this Court must defer to the Ohio courts' decision in this case.

6

28 U.S.C. § 2244 is a federal statute of limitations, enacted by Congress as part of the AEDPA.  It is an explicit federal statute, not a borrowed statute like the limitations period which governs actions under 42 U.S.C. § 1983.  Thus Petitioner's citation of *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975), is inapposite.

Petitioner argues that, because he based his state Motion to Dismiss on *State v. Baker*, *supra*, it is relevant when he learned of that case.  He claims he was not alerted to that case "until he was ordered back for re-sentencing on November 16, 2010 and discovered the Trial Court's error."  (Objections, Doc. No. 7, PageID 580.)  Because a re-sentencing with a new judgment would be relevant under *Burton, supra*, the Magistrate Judge ordered Petitioner's counsel to furnish " [3.] Any record reference which shows that Petitioner "was ordered back for resentencing on November 16, 2010" or on any other date. . ."  (Order, Doc. No. 9, PageID 584-585.)  No reference has been furnished and nothing in the documents attached to the Response or in Juge Fain's opinion suggests that there was a re-sentencing.

Petitioner's Objections are without merit and it is again respectfully recommended that the Petition be dismissed with prejudice as time-barred.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 2, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).