# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY K. BOLLING,

        Petitioner,    :    Case No. 3:13-cv-116

- vs -

                          District Judge Walter Herbert Rice
                          Magistrate Judge Michael R. Merz

DONALD MORGAN, WARDEN,

                          :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(Doc. No. 15, filed April 19, 2014). Bolling seeks reopening of this Court's Decision and Entry of August 22, 2013, dismissing his Petition with prejudice (Doc. No. 13, the "Decision").

Bolling's Motion is a true 60(b) motion asserting an error in this Court's prior decision and is therefore not barred from consideration on the merits by the prohibition against using a 60(b) motion to raise a new claim. Instead, it fits comfortably within the Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Federal Rule of Civil Procedure 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party and its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable

1

>>diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>>(4) the judgment is void;

>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>>(6) any other reason that justifies relief.

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60.  *Johnson,* 357 F.3d 539; *Hopper*, 867 F.2d at 294.  Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir. 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005)), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988).  The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively

balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009), *quoting Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund,* 249 F.3d 519, 529 (6th Cir. 2001).

Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted). Motions seeking extraordinary relief under this subsection must be brought within a reasonable time after judgment. Fed. R. Civ. P. 60(c)(1); *Thompson*, 580 F.3d at 442.

**Prior Proceedings**

Bolling was indicted in January 2003 on four counts of rape by force of a person under thirteen and one count of felonious sexual penetration of a person under thirteen by force. He was convicted on all counts by a jury and sentenced to life imprisonment, the mandatory sentence for these convictions, on November 13, 2003. The convictions and sentence were affirmed on appeal. *State v. Bolling*, 2005-Ohio-2509, 2005 Ohio App. LEXIS 2402 (2nd Dist. May 20, 2005). The Ohio Supreme Court originally allowed an appeal, but subsequently dismissed it as improvidently granted. *In re Ohio Crim. Sentencing Cases*, 109 Ohio St. 3d 313 (2006). The United States Supreme Court denied certiorari on October 2, 2006. *Bolling v. Ohio,* 549 U.S. 852 (2006).

In the original Report recommending dismissal, the Magistrate Judge calculated that the

statute of limitations began to run on the date certiorari was denied in the United States Supreme Court, ran for eighteen days until tolled by Bolling's appeal of denial of his motion for new trial, and remained tolled until the Ohio Supreme Court dismissed the appeal from that denial on April 12, 2008, with the time expiring March 24, 2009 (Report, Doc. No. 6, PageID 577).

Although he had filed no opposition to the Motion to Dismiss, Mr. Katchmer filed Objections asserting that, instead of running from when the conviction became final, the statute should run from when Bolling discovered the factual predicate of his claim, to wit, the decisions in *State v. Baker*, 119 Ohio St. 3d 197 (2008), and *United States v. Ray*, 578 F.3d 194 (2nd Cir. 2009). He argues that that discovery did not happen until Judge Langer ordered resentencing on November 16, 2010, which was then asserted to be the date from which the statute should run (Objections, Doc. No. 7, PageID 580). Bolling asserts further that the time was again tolled when he filed his Motion to Dismiss[1] in the state court on January 31, 2011 (Notice of Filing, Doc. No. 4-1, PageID 420). Because that motion was a "properly filed" collateral attack on the criminal judgment, the statute of limitations would have remained tolled while the Motion to Dismiss proceeding was pending (Objections, Doc. No. 7, PageID 580-81). Judge Langer denied the Motion to Dismiss on March 29, 2011. *Id.* at PageID 466. Bolling appealed and Judge Langer was affirmed. *State v. Bolling,* 2011-Ohio-6487, 2011 Ohio App. LEXIS 5354 (2nd Dist. Dec. 16, 2011). The Ohio Supreme Court declined jurisdiction over a subsequent appeal on April 18, 2012. *State v. Bolling*, 131 Ohio St. 3d 1511 (2012). If this were the correct method for calculating the time, the statute would have run seventy-six days (November 16, 2010-January 31, 2011) and then another 364 days from April 18, 2012, to the filing date of

---

[1] Bolling refers to this filing in the Objections as a petition for post-conviction relief under Ohio Revised Code § 2053.21. The document itself contains no such reference. Nevertheless, the state courts accepted it as a properly filed collateral attack on the judgment and decided it on the merits. It therefore "counts" as a properly filed collateral attack under 28 U.S.C. § 2244(d)(2).

4

April 17, 2013 (Petition, Doc. No. 1).

In the Supplemental Report, the Magistrate Judge noted Bolling's competing time analysis, but concluded that the Motion to Dismiss could not toll the statute of limitations because it had already expired March 24, 2009, and a properly filed collateral attack tolls, but does not re-start the statute of limitations (Supp. Report, Doc. No. 11, PageID 643). Conversely, had there been a re-sentencing with a new judgment, the Supplemental Report noted the statute would have started to run again. *Id.* at PageID 644, *citing Burton v. Stewart*, 549 U.S. 147 (2007). However, "[n]o reference has been furnished and nothing in the documents attached to the Response or in Juge [sic] Fain's opinion suggests that there was a re-sentencing." *Id.*

In concluding the Petition was time-barred, Judge Rice noted "Petitioner still has not produced a copy of the November 16, 2010, Warrant for Removal for Resentencing that allegedly triggered notice of the factual predicate for his claim." (Decision, Doc. No. 13, PageID 650.) Even if that were the triggering date, Judge Rice held,

> the Petition still was not timely filed. The statute of limitations ran for 76 days until January 31, 2011, when it was tolled upon Petitioner's filing of his motion to dismiss. It resumed running on April 18, 2012, when the Ohio Supreme Court declined review. See 28 U.S.C. § 2244(d)(2). The Petition was not filed until April 17, 2013, making it more than two months late.

*Id*. Based on that holding, Judge Rice dismissed the Petition with prejudice and denied a certificate of appealability. Bolling did not appeal and the time for doing so has expired.

**The Motion for Relief from Judgment**

Bolling now moves the Court to reopen the judgment dismissing his Petition. He has

5

now produced a copy of Judge Langer's November 16, 2010, Order which he claimed originally was the factual trigger for the statute. That document, which is attached to his Motion at PageID 658, is an Order of Montgomery County Common Pleas Judge Dennis Langer to the Sheriff, filed November 16, 2010, to remove Bolling from Lebanon Correctional and produce him before Judge Langer for resentencing, with a "first hearing set for January 20, 2011." Bolling correctly asserts that no hearing was held.[2] (Motion, Doc. No. 15, PageID 658.)

Bolling now argues, however, that the November 16, 2010, Order is irrelevant and even the January 31, 2011, date the Motion to Dismiss was filed is irrelevant because

> the November 16, 2010, warrant from Judge Langer gives no information concerning the reason for re-sentencing. Instead, Petitioner simply guessed that the matter was related to the *Baker* case and filed his January 31, 2011, motion based on that probability after the January 20, 2011, hearing failed to occur. (Affidavit of Anthony Bolling). There was no indication that the Petitioner was correct in this assumption until the filing of the February 3, 2011, Order setting a submission date concerning the Petitioner's January 31, 2011 Motion to Dismiss.

*Id*. at PageID 655.

Based on this chronology, Bolling changes his theory and asserts "[t]he clock in this matter did not begin until February 3, 2011." *Id.* While he does not spell out his theory, presumably it is that it was on February 3, 2011, that he learned the factual predicate of his federal constitutional claim, to wit, the decision in *State v. Baker*, 119 Ohio St. 3d 197 (2008).

Bolling's Grounds for Relief read:

> **Ground One:** Due Process violation speedy sentencing.
>
> **Supporting Facts:** Under Ohio law a judgment of conviction must state how the conviction was made; jury, judge. Failure to do so constitutes a void sentence. This was the situation for eight years.

---

[2] This assertion is confirmed by the docket of the Common Pleas Court in this case. www.clerk.co.montgomery.oh.us, visited April 21, 2014.

>The Petitioner filed his motion when the Ohio Supreme Court announced this requirement in 2008.
>
>**Ground Two:** Sixth Amendment violation speedy sentencing.
>
>**Supporting Facts:** Under Ohio law a judgment of conviction must state how the conviction was made; jury, judge. Failure to do so constitutes a void sentence. This was the situation for eight years. The Petitioner filed his motion when the Ohio Supreme Court announced this requirement in 2008.

(Petition, Doc. No. 1, PageID 6-8.)  Bolling's theory is that, because the form of his judgment of conviction did not include the manner of conviction as previously required by Ohio R. Crim. P. 32(C), the judgment was void and because the judgment was void, he had never actually been sentenced, in violation of his federal constitutional right to speedy sentencing under both the Due Process Clause of the Fourteenth Amendment (Ground One) and the Sixth Amendment (Ground Two).  He claims in his Petition that "[t]he rights to speedy sentencing which are the subject of this case were only specifically enunciated by the Ohio Supreme Court in 2008.  My motion and appeal were decided on the merits and thus were timely under Ohio law."  (Petition, Doc. No. 1, PageID 14.)

Bolling's theory is without merit from a number of different perspectives.

First of all, learning about a state supreme court decision that allegedly impacts one's federal constitutional rights is not discovery of a factual predicate.  The "factual predicate" of Bolling's claim about the form of his judgment of conviction was known to him or knowable by him in November, 2003, when the judgment was filed.  In fact, the requirement of Ohio R. Crim. P. 32(C) that the judgment recited the manner of conviction has been in that Rule since long before November 2003.

Secondly, the statutory starting time under 28 U.S.C. § 2244(d)(1)(D) is not when the factual predicate is discovered, but "the date on which the factual predicate of the claim or

7

claims presented could have been discovered through the exercise of due diligence." *Baker* was handed down July 9, 2008. Even if the decision in *Baker* qualified as a factual predicate under § 2244(d)(1)(D), Bolling could have discovered it, had he exercised due diligence, sometime between then and when he cited it in his Motion to Dismiss on January 31, 2011, 936 days later.

Third, *Baker* does not render Bolling's conviction void and thus there is no "speedy sentencing" issue. As the Second District Court of Appeals decided on appeal from denial of Bolling's Motion to Dismiss based on *Baker*, the controlling law in Ohio is set forth in *State v. Lester*, 2011-Ohio-5204, 130 Ohio St. 3d 303 (2011), which determined that omission of the manner of conviction was a matter of form, not substance, and expressly modified *Baker* to the extent it was to the contrary. *State v. Bolling,* 2011-Ohio-6487 at ¶ 13, 2011 Ohio App. LEXIS 5354, **4-5 (2nd Dist. Dec. 16, 2011), *quoting Lester* at ¶¶ 12 and 14. Instead, Bolling was validly sentenced in November 2003, within ninety days of his conviction. Of course the requirements for the content of a judgment of conviction in Ohio are a matter of Ohio law on which this Court is bound to follow the decision of the Ohio Supreme Court in *Lester*.

**Conclusion**

Bolling's alternative theory of when the statute started running, to wit, on February 3, 2011, is not viable. Bolling actually learned about *Baker* sometime before he cited it in his Motion to Dismiss filed January 31, 2011. He could have learned about it in the exercise of due diligence long before that, and learning of an assertedly relevant state court decision does not constitute discovering a factual predicate. Because Bolling's alternative theory of when the statute started to run is without merit, the original calculation that it expired in March 2009

8

remains the correct calculation. Finally, Ohio law does not make a criminal judgment that does not contain the manner of conviction void, so Bolling's claims have no merit.

Bolling has failed to demonstrate that extraordinary circumstances require reopening this Court's final judgment. His Motion for Relief from Judgment should therefore be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 22, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).